1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   RICKEY CASTRO,                          CASE NO. 1:11-cv-01985 AWI GSA PC

10                      Plaintiff,          FINDINGS AND RECOMMENDATION THAT
                                            THIS ACTION BE DISMISSED FOR FAILURE
11          v.                              TO STATE A CLAIM UPON WHICH RELIEF
                                            COULD BE GRANTED
12   MR. OLMOS, et al.,
                                            OBJECTIONS DUE IN THIRTY DAYS
13                      Defendants.
     _____/
14

15

16   **I.      Screening Requirement**

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant

19   to 28 U.S.C. § 636(b)(1).

20          The Court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1),(2).

25   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28   ///

1    II.    **Plaintiff's Claims**

2          This action proceeds on the May 29, 2012, first amended complaint, filed in response to an

3    earlier order dismissing the original complaint and granting Plaintiff leave to file an amended

4    complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and

5    Rehabilitation at the California Institute for Men at Chino, brings this civil rights action against

6    correctional officials employed by the CDCR at CCI Tehachapi.  Plaintiff's claim in this action

7    stems from the conditions of his confinement.  Plaintiff alleges that between the dates of July 3rd and

8    September 19, 2011, he was only allowed to shower 10 times.  Plaintiff alleges that the Defendants

9    in this action are the correctional officers in charge of the level III yard shower program for inmates

10   in the unit where Plaintiff was housed.  Plaintiff specifically alleges that he was allowed 10 showers

11   over the course of approximately 88 days.

12         A.    **Conditions of Confinement**

13         The Eighth Amendment protects prisoners from inhumane methods of punishment and from

14   inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

15   Extreme deprivations are required to make out a conditions of confinement claim, and only those

16   deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

17   the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations

18   and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the

19   plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded

20   a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994);

21   Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

22         "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an

23   infliction of pain within the meaning of the Eighth Amendment."  Anderson v. County of Kern, 45

24   F.3d 1310, 1314 (9th Cir. 1995); see also Johnson v. Lewis, 217 F.3d 726, 731-32 (9th Cir. 2000);

25   Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985).  Each condition being challenged must be

26   sufficiently serious to constitute a substantial risk of harm to Plaintiff.   Hoptowit v. Ray, 682 F.2d

27   1237, 1254 (9th Cir.1986) (Eighth Amendment violations may not be premised on a totality of

28   conditions at the prison), abrogated in part on other grounds by Sandin v. Conner, 5154 U.S. 472,

1    (1995).  The circumstances, nature, and duration of the deprivations are critical in determining

2    whether the conditions complained of are grave enough to form the basis of a viable Eighth

3    Amendment claim. <u>Johnson</u>, 217 F.3d at 731.

4            Although the Eighth Amendment guarantees sanitation, <u>Johnson</u>, 217 F.3d at 731, lack of

5    access to the showers for two weeks, in and of itself, does not suggest that Plaintiff was unable to

6    attend to his basic hygiene needs during the time frame at issue.  Plaintiff's conclusory allegation

7    that his reduced access to showers constitutes deliberate indifference is unsupported by factual

8    allegation.  There are no allegations that Plaintiff was completely deprived of showers, or that

9    Plaintiff did not have any other means of sanitation.

10            Accordingly, on May 4, 2012, an order was entered, dismissing the complaint and granting

11    Plaintiff leave to file an amended complaint.   On May 29, 2012, Plaintiff filed the first amended

12    complaint that is now before the Court.

13            In the first amended complaint, Plaintiff re-asserts the allegations set forth in the original

14    complaint.  Plaintiff's allegations indicate that he was not afforded a shower every three days as

15    mandated by prison regulations.  Plaintiff's central claim is that Defendants are liable because

16    Plaintiff was only allowed to shower approximately once every 8 days.  Such an allegation fails to

17    state a claim for relief under the Eighth Amendment.  That prison officials may have failed to

18    provide regular showers as mandated by prison regulations does not subject them to liability for a

19    violation of the Eighth Amendment.  As noted in the order dismissing the original complaint,

20    Plaintiff has not alleged that he was completely deprived of showers, or that he had no means of

21    sanitation.  Plaintiff fails to allege any additional facts regarding his access to sanitation.

22    **III.    Conclusion and Order**

23            The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

24    which relief may be granted under section 1983.  Because Plaintiff has not cured the deficiencies

25    identified in the order dismissing the original complaint, the Court recommends dismissal of this

26    action with prejudice.   <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with

27    prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing

28    claim with leave to amend).

1      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to

2 state a claim upon which relief can be granted, and that this action count as a strike under 28 U.S.C.

3 § 1915(g).

4      These findings and recommendations are submitted to the United States District Judge

5 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within twenty

6 days after being served with these findings and recommendations, plaintiff may file written

7 objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's

8 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

9 specified time waives all objections to the judge's findings of fact.  <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d

10 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to

11 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12      IT IS SO ORDERED.

13  **Dated:**   **June 13, 2012**      **/s/ Gary S. Austin**
                          UNITED STATES MAGISTRATE JUDGE