# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY CASTRO,<br><br>                Plaintiff,<br><br>     v.<br><br>MR. OLMOS, et al.,<br><br>                Defendants. | CASE NO. 1:11-cv-01985 AWI GSA PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>OBJECTIONS DUE IN THIRTY DAYS |

**I.  Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

II.     **Plaintiff's Claims**

This action proceeds on the May 29, 2012, first amended complaint, filed in response to an earlier order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Institute for Men at Chino, brings this civil rights action against correctional officials employed by the CDCR at CCI Tehachapi. Plaintiff's claim in this action stems from the conditions of his confinement. Plaintiff alleges that between the dates of July 3rd and September 19, 2011, he was only allowed to shower 10 times. Plaintiff alleges that the Defendants in this action are the correctional officers in charge of the level III yard shower program for inmates in the unit where Plaintiff was housed. Plaintiff specifically alleges that he was allowed 10 showers over the course of approximately 88 days.

A.      **Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825,847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

"[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995); see also Johnson v. Lewis, 217 F.3d 726, 731-32 (9th Cir. 2000); Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir. 1985). Each condition being challenged must be sufficiently serious to constitute a substantial risk of harm to Plaintiff. Hoptowit v. Ray, 682 F.2d 1237, 1254 (9th Cir.1986) (Eighth Amendment violations may not be premised on a totality of conditions at the prison), abrogated in part on other grounds by Sandin v. Conner, 5154 U.S. 472,

(1995). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson, 217 F.3d at 731.

Although the Eighth Amendment guarantees sanitation, Johnson, 217 F.3d at 731, lack of access to the showers for two weeks, in and of itself, does not suggest that Plaintiff was unable to attend to his basic hygiene needs during the time frame at issue. Plaintiff's conclusory allegation that his reduced access to showers constitutes deliberate indifference is unsupported by factual allegation. There are no allegations that Plaintiff was completely deprived of showers, or that Plaintiff did not have any other means of sanitation.

Accordingly, on May 4, 2012, an order was entered, dismissing the complaint and granting Plaintiff leave to file an amended complaint. On May 29, 2012, Plaintiff filed the first amended complaint that is now before the Court.

In the first amended complaint, Plaintiff re-asserts the allegations set forth in the original complaint. Plaintiff's allegations indicate that he was not afforded a shower every three days as mandated by prison regulations. Plaintiff's central claim is that Defendants are liable because Plaintiff was only allowed to shower approximately once every 8 days. Such an allegation fails to state a claim for relief under the Eighth Amendment. That prison officials may have failed to provide regular showers as mandated by prison regulations does not subject them to liability for a violation of the Eighth Amendment. As noted in the order dismissing the original complaint, Plaintiff has not alleged that he was completely deprived of showers, or that he had no means of sanitation. Plaintiff fails to allege any additional facts regarding his access to sanitation.

**III.   Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Because Plaintiff has not cured the deficiencies identified in the order dismissing the original complaint, the Court recommends dismissal of this action with prejudice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted, and that this action count as a strike under 28 U.S.C. § 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 13, 2012                             /s/ Gary S. Austin
                                        UNITED STATES MAGISTRATE JUDGE